

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00087-CR

RODNEY DEWAYNE POLLARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR22-417

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

On April 3, 2024, in a bench trial, Rodney Dewayne Pollard was convicted of the third-degree-felony offense of failing to comply with required annual sex-offender registration. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2), art. 62.058(a) (Supp.).[1] The punishment was enhanced pursuant to a prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(a). The trial court sentenced Pollard to fourteen years' imprisonment. Pollard appeals.

Pollard's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On August 22, 2024, counsel mailed copies of the following to Pollard: (1) the *Anders* brief, (2) the motion to withdraw, and (3) copies of the clerk's record and reporter's record (save for video exhibits). Counsel also advised Pollard that he could file a pro se brief. After being granted an extension of time, Pollard filed a pro se brief on October 23, 2024. We have

---

[1]The offense occurred on July 29, 2022.

reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The judgment states that the offense charged is a second-degree felony. It is a third-degree felony, with punishment enhanced to the second-degree range, as the trial court stated when pronouncing sentence. Pollard noted this in his pro se response. We, therefore, modify the judgment to indicate that Pollard was convicted of a third-degree felony. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

We affirm the trial court's judgment, as modified.[2]


                                            Jeff Rambin
                                            Justice


Date Submitted:      December 16, 2024
Date Decided:        February 28, 2025

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.